526 F.2d 587
 89 L.R.R.M. (BNA) 2672, 77 Lab.Cas. P 10,940
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The Boeing Company, Petitioner,
v.
National Labor Relations Board, Respondent.
 No. 74-2217.
 United States Court of Appeals, Fourth Circuit.
 June 19, 1975.
 
 Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WIDENER, Circuit Judge.
 
 PER CURIAM
 
 1
 This case comes before us upon Boeing Company's petition to review an order of the National Labor Relations Board. The Board has filed a motion to dismiss the petition arguing that Boeing has no standing to prosecute this action since it is not a party "aggrieved by a final order of the Board," as required by 29 USC Sec. 160(f). We agree with this contention and grant the motion to dismiss.
 
 
 2
 The underlying facts are as follows: Prior to March 31, 1971, Trans World Airlines performed installation support services (hereinafter ISS) for the National Aeronautics and Space Administration at the Kennedy Space Center. Since February 1964, TWA had recognized and signed contracts with the International Association of Machinists and Aerospace Workers (hereinafter IAM) covering all ISS workers. By contract with NASA, Boeing took over TWA's ISS operations as of April 1, 1971. At the time of the takeover, Boeing was already the employer of certain hardware employees at Kennedy. These workers were also represented by IAM and a valid national contract between Boeing and IAM covering them was in effect. In meetings prior to the takeover, Boeing informed IAM that the employees it would hire to perform the ISS work, including TWA incumbents, would receive wages and benefits under the terms of Boeing's existing national contract with IAM, rather than the wages and benefits provided in the then current agreement between IAM and TWA. IAM notified Boeing of the opposition to Boeing's refusal to continue the employment terms set forth in the IAM-TWA agreement. Boeing, nevertheless, refused to modify its position. Thus, all employees hired by Boeing to work in the ISS division, including TWA incumbents, were paid at the rate under the national Boeing-IAM contract. Even though preliminary projections by Boeing to NASA indicated that over 85% of the ISS work force would consist of TWA incumbents, less than half of all those eventually hired had been employed by TWA.
 
 
 3
 Contending that Boeing's failure to bargain with IAM over the wages and conditions in the ISS division and its failure to hire all TWA incumbents violated the National Labor Relations Act, IAM and the general counsel to the NLRB caused a complaint to be filed charging Boeing with violations of Secs. 8(a)(1), (3), and (5) of the Act. The remedies requested were reinstatement with back pay of all TWA employees Boeing had not hired and an order requiring Boeing to recognize and bargain with IAM for all ISS employees.
 
 
 4
 Boeing presented numerous defenses at a hearing held before an administrative law judge. Among them were the following: (1) that Boeing had no obligation to bargain with the IAM or to continue the terms and conditions of employment which existed in the ISS unit under TWA because Boeing was not a "successor employer" as defined by NLRB v. Burns International Security Service, Inc., 406 U.S. 272 (1972); and (2) that Boeing had no duty to bargain because IAM represented ISS employees constituted an accretion to the unit of Boeing's hardware employees at the space center and were thus automatically covered by the preexisting national agreement between Boeing and IAM.
 
 
 5
 The administrative law judge rejected the accretion argument advanced by Boeing. The judge found, however, the general counsel and the IAM had not sustained their allegations that Boeing had unilaterally changed employment terms or otherwise violated the Act because it had not been proven that Boeing was a true successor employer under Burns or that Boeing had ever obligated itself to hire any of TWA's employees. Thus, the complaint was dismissed. Upon review by the NLRB, this disposition was sustained.
 
 
 6
 Boeing's petition for review in this court challenges only the finding by the administrative law judge that the ISS employees did not accrete to the existing Boeing-IAM contract unit of hardware workers. No petition has been filed by IAM contesting the order that the complaint against Boeing be dismissed.
 
 
 7
 Section 10(f) of the Act, 29 USC Sec. 160(f), limits the right to seek review in this court to persons "aggrieved by a final order of the Board granting or denying in whole or in part the relief sought." Our options are limited to entering decrees "enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." The Board contends that the petition challenges not a "final order" of the Board but simply one of the findings underlying the order. As a consequence, even were we to find in Boeing's favor on the accretion question, the Board claims that such a conclusion would merely afford an alternative basis for the final order which has been already entered.
 
 
 8
 We find ourselves in agreement with the position of the Board. The Board's "final order" dismisses the unfair labor complaint against Boeing in its entirety. Under the statute, Boeing may not now assert that it is "aggrieved" by this result. The scope of our review is defined by statute; it does not permit the victorious party to lodge challenges to adverse underlying findings and conclusions. Deaton Truck Line, Inc. v. NLRB, 337 F.2d 697 (5th Cir.1964), cert. den. 381 U.S. 903 (1965); see Insurance Workers International Union v. NLRB, 360 F.2d 823, 826-27 (D.C.Cir.1966).
 
 
 9
 Boeing has understandably expressed concern that its inability to challenge in this proceeding the administrative law judge's rejection of its accretion argument may cause it to be bound by this finding in future litigation. Counsel for the Board has assured us, however, that were Boeing to rely in some other context on its claim that it may accrete the ISS workers to its existing unit of hardware employees, and should that action result in an adverse Board order, "neither collateral estoppel nor res judicata should preclude Boeing's presenting to a Court of Appeals its position on accretion."[1]
 
 
 10
 When a court finds against a party on one issue but renders judgment for him based on a favorable determination of a different issue that independently supports the judgment, the general rule is that only those issues whose determination supports the judgment are conclusive on the parties. 1B Moore's Federal Practice p 0.443 at p. 3922. This is a result of the general lack of ability of the winning party to obtain as broad a scope of appellate review as is available to the losing party. By holding in this case that 29 USC Sec. 160(f) precludes the winning party from petitioning this court for review of the Board's order, we also preclude any res judicata or collateral estoppel effect to any issues decided but which do not support the Board's order. The Board, in its motion to dismiss, stated that a determination on the accretion issue "favorable to Boeing would not result in a different order; rather it would at most afford an alternative basis for the order...." Thus, in any future actions before the National Labor Relations Board or any subsequent petition to this court, Boeing is free to present its position on accretion not bound by any conclusion derived from this action.
 
 
 11
 Accordingly, the motion to dismiss the petition for review is granted and the petition is
 
 
 12
 Dismissed.
 
 
 
 [1]
 Letter dated December 6, 1974 received from Elliott Moore, Deputy Associate General Counsel to the National Labor Relations Board